IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH EARL GAY, | ) | No. C 12-04280 EJD (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| EDMUND BROWN, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner at San Quentin State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Dismissal
04280Gay_dism.wpd                                      1

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B.     Plaintiff's Claims

Plaintiff's original complaint named as Defendants all justices on the California Supreme Court, several former governors and various legal associations. Plaintiff, who was sentenced to death, stated that the appellate process for death penalty cases in California is broken as it takes far too long to appoint counsel, for a legal decision, the decisions are political and former Chief Justice Rose Bird was removed for political reasons because she opposed the death penalty. Plaintiff also discussed his displeasure in the manner federal courts process habeas cases. These allegations failed to set forth a cognizable claim and Plaintiff was provided an opportunity to amend.[1]

The amended complaint repeats the same allegations of the original complaint and also challenges Plaintiff's underlying conviction. Plaintiff's general and wide ranging claim that the California justice system is broken is far too vague and fails to state a claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). )  ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").  To the extent Plaintiff wishes to challenge the evidence of his conviction he must do so in a

---

[1] However, the appeals process has benefitted Plaintiff in that several of his robbery related counts were overturned on appeal and a retrial on the penalty phase was ordered. Later the retrial of the penalty phase was reversed and remanded for a second retrial. People v. Gay, 42 Cal. 4th 1196 (2008)

1  habeas petition.  The complaint will be dismissed and as Plaintiff has already been
2  provided an opportunity to amend, and as it is clear that further amendment would be
3  futile, this case is dismissed without leave to amend.  See Lopez v. Smith, 203 F.3d 1122,
4  1129 (9th Cir. 2000).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without leave to amend for failure to state a claim.

DATED: 2/20/2013

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EARL GAY,<br><br>        Plaintiff,<br><br>  vs.<br><br>EDMUND BROWN, et al.,<br><br>        Defendants.<br>_____/ | Case Number CV 12-04280 EJD (PR)<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/21/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Kenneth Earl Gay**
D-15601
San Quentin State Prison
San Quentin, CA 94974

DATED: _____2/21/2013_____
                                       Richard W. Wieking, Clerk
                                      /s/By: Elizabeth Garcia, Deputy Clerk